# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

JOHN CARTWRIGHT (#721093)                          CIVIL ACTION

VERSUS

                                                    20-567-SDD-RLB

DARRELL VANNOY

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 10, 2022.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

JOHN CARTWRIGHT (#721093)                                    CIVIL ACTION

VERSUS

                                                       20-567-SDD-RLB

DARRELL VANNOY

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss (R. Doc. 36) filed on behalf of defendant former Warden Darrell Vannoy. This Motion is opposed. *See* R. Doc. 37.

The *pro se* Plaintiff, a person confined at the Louisiana State Penitentiary ("LSP"), filed this proceeding pursuant to 42 U.S.C. § 1983 against defendant Darrell Vannoy, complaining that his constitutional rights have been violated due to the handling of his mail. He seeks injunctive relief.

Defendant seeks dismissal on jurisdictional grounds, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Defendant asserts that since he is no longer employed at LSP, and the plaintiff seeks injunctive relief only, the plaintiff's claim for relief is moot. Plaintiff alleges, in his Complaint as amended, that defendant Vannoy has blocked the plaintiff from sending and/or receiving mail from the FBI, the Justice Department, a newspaper, a federal court, and the ACLU. Plaintiff requests that defendant Vannoy and the mail carrier be arrested. Plaintiff seeks no other forms of relief.

First, the Court has no authority to grant the relief requested by the plaintiff under § 1983. *See Amir–Sharif v. District Attorney's Office of Dallas County,* 281 Fed. Appx. 413 (5th Cir.2008) (citations omitted) (private citizens have no constitutional right to press criminal charges). Additionally, since defendant Vannoy is no longer employed at LSP the plaintiff's

request for injunctive relief is moot. *See Okpalobi v. Foster*, 244 F.3d 405, 426–27 (5th Cir. 2001) (explaining that there can be no actionable case or controversy against defendants who have no power to redress the asserted injuries). *See also Wall v. Moore*, 2013 WL 5094653 (S.D. Miss. Sept. 12, 2013), *Thunderhorse v. Owens,* 2018 WL 583849 (S.D. Tex. Jan. 26, 2018); and *Murrell v. Casterline*, 2005 WL 817107 (W.D. La. Apr. 28, 2005) (all finding that the prisoner plaintiffs' claims for injunctive relief, asserted against a defendant who was no longer employed at the prison, were moot and subject to dismissal).

In the instant matter, the plaintiff has sued only defendant Vannoy and has solely requested injunctive relief. Defendant Vannoy is no longer employed by LSP or the Louisiana Department of Corrections. *See* R. Doc. 34. As such, Plaintiff's claims should be dismissed.

## RECOMMENDATION

It is recommended that the defendant's Motion to Dismiss (R. Doc. 36) be granted, and that this action be dismissed, with prejudice.

Signed in Baton Rouge, Louisiana, on August 10, 2022.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**